James L. GUSHLAW et al.

v.

Michelle A. ROHRBAUGH et al.

Nos. 95–179–Appeal, 93–628–Appeal
and 93–636–Appeal.

Supreme Court of Rhode Island.

March 29, 1996.

H. Jefferson Melish, Wakefield, for Plaintiff.

Neil P. Philbin, Anthony E. Angeli, Jr., Providence, Cynthia Collins, Wakefield, Janet Gilligan, Providence, Patrick McKinney, Wakefield, for Defendant.

## OPINION

PER CURIAM.

This case came before a panel of the Supreme Court for oral argument on February 20, 1996, pursuant to an order that directed all parties to show cause why the issues raised by this appeal should not be summarily decided. Having reviewed the memoranda submitted by the parties and having considered the arguments of counsel for the parties, this court concludes that cause has not been shown and that we shall decide the case at this time.

At issue in this controversy is the adoption petition of Steven and Mariette Herrick (the Herricks), who seek to adopt Allisa, born September 7, 1990.

Before the court are the consolidated appeals of James L. Gushlaw (Gushlaw), Allisa's biological father, and of Judy E. and James H. Gushlaw, the child's paternal

grandparents, who have appealed from Family Court orders that denied their motions for custody of and/or visitation with Allisa. In addition these parties also appeal a Family Court order that denied their motions to dismiss an adoption petition.

The essential facts of the case are that on April 19, 1992, Michelle A. Rohrbaugh (Rohrbaugh), the biological mother of Allisa, placed the child for adoption with the Herricks. The Department of Children, Youth and Families (DCYF) was notified of the placement and completed an investigation. In December of 1992, the Herricks filed an adoption petition, DCYF filed a placement petition, and Rohrbaugh executed a written consent to the adoption petition. Gushlaw, however, in November 1992 filed a miscellaneous petition against Rohrbaugh for custody and/or visitation with Allisa. After a hearing lasting over portions of six days, the Family Court justice found Gushlaw unfit to properly parent Allisa and denied Gushlaw's petition. Gushlaw appealed.

Additional proceedings in Family Court included the grandparents' motion for visitation that was denied and appealed, the Herricks' motion for summary judgment on the adoption petition that was granted, and Gushlaw's motion to dismiss the adoption petition that was denied.

Because Rohrbaugh revoked her prior consent to Allisa's adoption, this court remanded the consolidated appeals to the Family Court for a hearing in order to determine the status of the adoption petition, the claims of Rohrbaugh, and the factual issues that the court deemed relevant. After a hearing in early 1995, a Family Court justice found that Rohrbaugh did not show "good and sufficient cause" to withdraw her consent to adoption and found that Gushlaw was "not a parent whose consent [for adoption] is required within the meaning of § 15–7–5." The trial justice denied the motions to dismiss the adoptions but ordered a hearing on the placement and the adoption petition. That order was appealed by the grandparents, and this *court granted a stay of Family Court proceedings.*

■ In reviewing the extensive record in this case, we are of the opinion that the findings of the Family Court are amply supported by the record. First, the statutes relied on by the grandparents who seek visitation are inapplicable in the instant circumstances that relate to an adoption proceeding, not a divorce and separation to which G.L. 1956 chapter 5 of title 15 applies. Sections 15–5–16 and 15–5–24.3. We conclude, therefore, that the grandparents have no standing to seek visitation or to challenge the adoption. Second, the trial justice's findings that Gushlaw's past history of substance abuse, sexual abuse, and criminal history renders him unfit to parent Allisa were not clearly wrong. "It is well settled that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this court on appeal unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence." *Tarro v. Tarro,* 485 A.2d 558, 564–65 (R.I.1984). Third, we affirm the trial justice's finding that Rohrbaugh lacked good and sufficient cause to withdraw her consent to the adoption of Allisa.

■ Our well-established prime criterion in deciding all such issues is the best interests of the child. *In re Antonio G.,* 657 A.2d 1052, 1057 (R.I.1995). Therefore, we deny and dismiss the appeals of Gushlaw and of the grandparents. We remand this case to the Family Court with directions that the Family Court conduct hearings in accordance with G.L.1956 chapter 7 of title 15, including testimony from DCYF, to determine whether adoption by the Herricks would be in the best interests of Allisa.

BOURCIER and SHEA, JJ., not participating.