James L. GUSHLAW

v.

Michelle A. ROHRBAUGH.

No. 96–493–Appeal.

Supreme Court of Rhode Island.

July 15, 1997.

---

H. Jefferson Melish, Wakefield, for Plaintiff.

Neil P. Philbin, Peace Dale, Michael J. Crocker, Narragansett, Anthony E. Angeli, Jr., Providence, Regina M. Gibb, Wakefield, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

This case came before the Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, James L. Gushlaw, appeals from a Family Court order denying his miscellaneous petition for custody, placement, or reasonable visitation rights with his biological minor child, Allisa. After reviewing the legal memoranda of the parties and hearing oral arguments thereon, we are of the opinion that cause has not been shown and we proceed to summarily decide this appeal at this time.

The facts and travel of this case, which include several parties and consolidated cases, are extensive and have previously been set forth by this Court in a recent opinion. See Gushlaw v. Rohrbaugh, 673 A.2d 63 (R.I. 1996). For this reason we need only briefly recount the facts pertinent here.

This appeal revolves around the adoption of Allisa, a minor born September 7, 1990, by Steven and Mariette Herrick (the Herricks). On April 19, 1992, Allisa's biological mother, Michelle Rohrbaugh (Michelle), placed Allisa for adoption with the Herricks. As required by law, the Department of Children, Youth and Families (DCYF) was notified of the placement and performed an adoption investigation. Thereafter the Herricks filed an adoption petition, DCYF filed a placement petition, and Michelle executed a written consent to the adoption. The plaintiff, James L. Gushlaw (plaintiff), who is Allisa's biological father, filed a petition against Michelle, seeking custody and/or visitation. A six-day hearing ensued in the Family Court, after which a Family Court judge found upon the basis of the history of his past sexual abuse, substance abuse and criminal history record, that plaintiff was unfit to parent Allisa properly. He therefore denied the plaintiff's petition.

Thereafter Michelle attempted to revoke her prior adoption consent, and plaintiff then filed a motion in the Family Court, seeking to dismiss the Herricks' adoption petition for lack of his consent. The Family Court rejected Michelle's attempted revocation, finding that she failed to show good and sufficient cause to revoke her previously given consent and, additionally, concluded that plaintiff was not a parent within the meaning of G.L.1956 § 15–7–5 and that his consent to the adoption was not necessary. Both Michelle and plaintiff appealed to this Court. In a written opinion we upheld the Family Court's orders and remanded the matter to the Family Court for a hearing to determine whether the Herricks' adoption of Allisa would be in her best interest. See Gushlaw, 673 A.2d at 64.

While the Family Court was attempting to determine what disposition would be in the best interest of Allisa, plaintiff filed a miscellaneous petition seeking custody, placement, or reasonable visitation rights. The Family Court dismissed that petition and concluded that plaintiff lacked standing to participate in the placement hearing. The Herricks' adoption petition was then heard and granted on May 3, 1996. The plaintiff thereafter filed this appeal.

In this appeal plaintiff contends for various reasons that the Herricks' adoption of Allisa is contrary to law. His contentions are meritless. He first asserts that he did not consent to Allisa's adoption or voluntarily waive his right to consent to the adoption. Addi-

tionally he argues that the Family Court denied him the right to present evidence concerning his parental fitness, which he suggests has occurred by way of a material change in his circumstances. He also maintains that the Family Court erred in failing to allow him to participate in the adoption hearing to determine the fitness of the Herricks. Finally he suggests that DCYF improperly performed an adoption investigation and that it should have conducted a placement investigation.

We cannot accept any of the plaintiff's grounds as a basis for reversing the final judgment of the Family Court. This Court has previously upheld the Family Court's decision that found that the plaintiff was not a parent within the meaning of § 15–7–5. The plaintiff therefore had no standing to challenge the instant adoption proceedings in the Family Court. His consent or waiver of consent was not required, and his participation in the proceedings either to challenge the DCYF investigation or to demonstrate a material change in his circumstances was impermissible. Because he lacked standing below and because we have previously sustained the Family Court's determination that he lacked such standing, his appeal is unavailing.

For the foregoing reasons the plaintiff's appeal is hereby denied and dismissed.

GOLDBERG, J., did not participate.